UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROLAND P. ALLEN,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**CITY OF BIRMINGHAM** )<br>**DEPARTMENT OF LAW,** )<br>)<br>    **Defendant.** ) | **CASE NO.  2:13-CV-1235-SLB** |

## MEMORANDUM OPINION

Plaintiff Roland P. Allen has filed a General Complaint Form for Pro Se Litigants, (doc. 1),[1] and an In Forma Pauperis Affidavit, (doc. 2), in which he asks the court to appoint him an attorney and to permit him to proceed without pre-payment of fees, costs, or security. The court deems the In Forma Pauperis Affidavit to be a Motion for appointment of counsel and to proceed without prepayment of fees.  In his Complaint, Mr. Allen alleges that Birmingham police officers caused him injury.  Specifically, he alleges that some unidentified person called the Birmingham Police Department and reported that Mr. Allen had a gun. (Doc. 1 at 2; doc. 1-1 at 1.)  Although he alleges he told the police that he had a pistol license and he had not caused a problem, the police officers handcuffed Mr. Allen. (Doc. 1 at 2-3; doc. 1-1 at 1.)  He contends that this caused him pain, suffering, and mental anguish.  (Doc. 1 at 3.)  He alleges that the police officers violated his civil rights. (*Id*.)

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

However, he does not allege that the officers were acting pursuant to an illegal policy or practice, and he does not allege that he was arrested and charged with any crime.

Pursuant to § 1915(e)(2)(B), a court shall dismiss a case filed without prepayment of the filing fee if the court finds the case is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court finds that Mr. Allen's Complaint fails to state a claim for relief against the City of Birmingham; therefore, his Complaint is due to be dismissed with prejudice and his request for appointed counsel and to proceed without prepayment of fees will be denied.

The Eleventh Circuit has held:

> Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. Municipalities and other local-government units are included among the "persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). When a constitutional injury is caused by the execution of a government entity's official policy or custom, the entity may be held liable under § 1983. *See id.* at 694, 98 S. Ct.. 2018. But a municipal employer is not vicariously liable under § 1983 for injuries caused solely by its employees. *Id*. at 691-94, 98 S. Ct. 2018; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). . . .

*Laster v. City of Tampa Police Dept.*, No. 14-11034, 2014 WL 4116474, *2 (11th Cir. Aug. 22, 2014)(unpublished);[2] *see also Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288,

---

[2]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. **Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority**." 11th Cir. R. 36-2 (emphasis added).

1293 (11th Cir. 2009)("A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom.").

Mr. Allen has not alleged any policy or custom of the City of Birmingham led to his detention that he alleges violated his civil rights. "[I]n *Monell* and subsequent cases, [the Supreme Court has] required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that *caused* the plaintiff's injury." *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)(citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). "Thus, [the court's] first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton*, 489 U.S. at 385. Clearly, Mr. Allen has made no effort to establish this causal link exists between his injuries resulting from the unidentified police officers actions and any municipal policy or custom.

Because Mr. Allen has not alleged a claim against the City of Birmingham for violation of his civil rights, his request for appointed counsel and to proceed *in forma pauperis*, (doc. 2), will be **DENIED**, and his claims will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DONE** this 8th day of September, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE